1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DEBORAH C. EVI,                          No.  2:19-CV-2200-TLN-DMC

12                  Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                    Defendant.
16

17

18        Plaintiff, who is proceeding pro se, brings this action for judicial review of a final

19   decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Pending before the

20   Court are the parties' briefs on the merits, ECF Nos. 15 and 19.

21        The Court reviews the Commissioner's final decision to determine whether it is:

22   (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

23   whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

24   more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

25   (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

26   a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,

27   including both the evidence that supports and detracts from the Commissioner's conclusion, must

28   be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

                                                    1

1    v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's

2    decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.

3    Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

4    findings, or if there is conflicting evidence supporting a particular finding, the finding of the

5    Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

6    Therefore, where the evidence is susceptible to more than one rational interpretation, one of

7    which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

8    Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

9    standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

10   Cir. 1988).

11            For the reasons discussed below, the Court recommends the Commissioner's final

12   decision be affirmed.

13

14                        **I.  THE DISABILITY EVALUATION PROCESS**

15            To achieve uniformity of decisions, the Commissioner employs a five-step

16   sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R.

17   §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

18                 Step 1      Determination whether the claimant is engaged in
19                             substantial gainful activity; if so, the claimant is presumed
                               not disabled and the claim is denied;

20                 Step 2      If the claimant is not engaged in substantial gainful activity,
21                             determination whether the claimant has a severe
                               impairment; if not, the claimant is presumed not disabled
22                             and the claim is denied;

23                 Step 3      If the claimant has one or more severe impairments,
                               determination whether any such severe impairment meets
24                             or medically equals an impairment listed in the regulations;
                               if the claimant has such an impairment, the claimant is
25                             presumed disabled and the claim is granted;

26                 Step 4      If the claimant's impairment is not listed in the regulations,
                               determination whether the impairment prevents the
27                             claimant from performing past work in light of the
                               claimant's residual functional capacity; if not, the claimant
28                             is presumed not disabled and the claim is denied;

                                                2

Step 5      If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied.

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on June 29, 2016.  See CAR 16.[1]  In the application, plaintiff claims disability began on January 1, 2016.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 26, 2018, before Administrative Law Judge (ALJ) Christopher C. Knowdell.  Plaintiff was represented by counsel at the hearing.  In a November 6, 2018, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

  1. The claimant has the following severe impairment(s): lumbar degenerative disc disease with stenosis and radiculopathy, rotator cuff impingement/tear left/right shoulders, and pelvis mass post peripheral nerve exploration surgery;

  2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

  3. The claimant has the following residual functional capacity: she can perform light work; after sitting, standing, or walking for 30 minutes, she needs an opportunity to change positions for at least 1-2 minutes, remaining on task; the claimant cannot climb ladders, ropes, and scaffolds, and can only occasionally balance, bend, climb ramps and stairs, crouch, crawl, kneel, and stoop; she can occasionally use right foot controls; she can occasionally reach overhead bilaterally;

  4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant can perform her past relevant work as an administrative clerk.

See id. at 19-30.

After the Appeals Council declined review on August 27, 2019, this appeal followed.

/ / /

/ / /

/ / /

/ / /

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on February 18, 2020, see ECF No. 10.

### III.  DISCUSSION

In her pro se brief, Plaintiff outlines her various impairments and alleged limitations and appears to take issue with the ALJ's vocational finding.  See EF No. 15. Specifically, Plaintiff argues:

> On my last social security hearing I was told I can work 6 hours a day.  Every 30 min. I would have to take a 2 to 3 min. brake [sic]. Nobody wants to hire me when they hear all of my restrictions.  I can't find a job anywhere because I'm a high risk of getting hurt on the job. Now who would hire me when I can't sit or stand for more then [sic] 30 min. at a time.  And take a 2 to 3 min. brake [sic] every 30 min.
>
> Id. at 4-5.

At Step 5, the Medical-Vocational Guidelines (Grids) provide a uniform conclusion about disability for various combinations of age, education, previous work experience, and residual functional capacity.  The Grids allow the Commissioner to streamline the administrative process and encourage uniform treatment of claims based on the number of jobs in the national economy for any given category of residual functioning capacity.  See Heckler v. Campbell, 461 U.S. 458, 460-62 (1983) (discussing creation and purpose of the Grids).

The Commissioner may apply the Grids in lieu of taking the testimony of a vocational expert only when the Grids accurately and completely describe the claimant's abilities and limitations.  See Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983).  Thus, the Commissioner generally may not rely on the Grids if a claimant suffers from non-exertional limitations because the Grids are based on exertional strength factors only.[2]  See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(b).

---

[2]   Exertional capabilities are the primary strength activities of sitting, standing, walking, lifting, carrying, pushing, or pulling and are generally defined in terms of ability to perform sedentary, light, medium, heavy, or very heavy work.  See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(a).  "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  See 20 C.F.R. §§ 404.1567(a) and 416.967(a).  "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  See 20 C.F.R. §§ 404.1567(b) and 416.967(b).  "Medium work" involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  See 20 C.F.R. §§ 404.1567(c) and 416.967(c).  "Heavy work" involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.  See 20 C.F.R. §§

"If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have non-exertional . . . limitations that are not covered by the Grids." Penny v. Sulliacvan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(d), (e)).  The Commissioner may, however, rely on the Grids even when a claimant has combined exertional and non-exertional limitations, if non-exertional limitations do not impact the claimant's exertional capabilities.  See Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988).

In cases where the Grids are not fully applicable, the ALJ may meet his burden under step five of the sequential analysis by propounding to a vocational expert hypothetical questions based on medical assumptions, supported by substantial evidence, that reflect all the plaintiff's limitations.  See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  Specifically, where the Medical-Vocational Guidelines are inapplicable because the plaintiff has sufficient non-exertional limitations, the ALJ is required to obtain vocational expert testimony.  See Burkhart v. Bowen, 587 F.2d 1335, 1341 (9th Cir. 1988).

Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant.  See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value.  See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole.  See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

/ / /

/ / /

---

404.1567(d) and 416.967(d).  "Very heavy work" involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more.  See 20 C.F.R. §§ 404.1567(e) and 416.967(e).  Non-exertional activities include mental, sensory, postural, manipulative, and environmental matters which do not directly affect the primary strength activities.  See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(e).

1      At Step 5 of the sequential evaluation process, the ALJ relied on vocational expert

2   testimony to conclude Plaintiff is capable of performing her past relevant work as an

3   administrative clerk.  See CAR 30.  The ALJ stated:

4          The claimant worked for INS in an Application Support Center with
           substantial gainful activity earnings from 2002-2006.  The vocational
5          expert testified that work is administrative clerk, Dictionary of
           Occupational Titles 219.362-010, light exertional work, skilled vocational
6          performance 4, semi-skilled, and light exertional work as performed
           actually by the claimant (Exhibit 12D, 4E, 10E and hearing testimony).
7
           In comparing the claimant's residual functional capacity with the physical
8          and mental demands of this work, the undersigned finds that the claimant
           is able to perform it as actually and generally performed.  The vocational
9          expert testified the claimant could return to this past relevant work, as
           performed actually by her, and in the national economy.  The vocational
10         expert testimony is being accepted in accordance with SSR 00-4p.

11         Id.

12     Plaintiff does not argue that the restriction identified by the ALJ – the need to take

13  a brief two- to three-minute break every 30 minutes – are based on faulty analysis.  Rather,

14  Plaintiff contends that this restriction renders her unemployable.  As to this contention, the Court

15  finds no error.  The hearing decision reflects that the ALJ obtained testimony from a vocational

16  expert who testified that Plaintiff can perform her past relevant work even considering the current

17  work restrictions identified by the ALJ.  Because the ALJ may rely on vocational expert

18  testimony at Step 5, see Roberts, 66 F.3d at 184, the Court finds the ALJ's vocational conclusion

19  is based on proper legal rationale and substantial evidence.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**IV.  CONCLUSION**

2          Based on the foregoing, the undersigned recommends that:

3          1.      Plaintiff's motion for summary judgment, ECF No. 15, be denied;

4          2.      Defendant's cross-motion for summary judgment, ECF No. 19, be granted;

5  and

6          3.      The Commissioner's final decision be affirmed.

7          These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9  after being served with these findings and recommendations, any party may file written

10 objections with the court.  Responses to objections shall be filed within 14 days after service of

11 objections.  Failure to file objections within the specified time may waive the right to appeal.  See

12 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14 Dated:  February 1, 2021

15                                          _____
                                            DENNIS M. COTA
16                                          UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28